**UNITED STATES v. ONE FISH TRAP, TER. LIC. NO. 24–325.**

**SAME v. ONE STANDING PILE TRAP, TER. LIC. NO. 24–257.**

First Division. Juneau. August 4, 1924.

Nos. 2313–A, 2314–A.

Fish ☜16—Release of Traps under Admiralty Rules.

> Two certain fish traps were seized by the United States for violation of the fishing laws. The claimants applied for the appointment of appraisers and release of the property under admiralty rule 12 of the Supreme Court and rule 92 of the district court of Alaska. *Held*, the trap is the offending thing; its release on stipulation would enable its owners to continue to violate the laws; before it should be released the claimants should present to the court an affidavit of merits, or a petition for a hearing, so the court may determine from the facts produced whether there is reasonable cause to believe that there is a defense on the merits; none being filed, application denied.

These two cases are before me at this time on the application of intervening claimants for the appointment of appraisers and release of the res under admiralty rule 12 of the Supreme Court and rule 92 of this court. The actions are upon informations brought by the United States, under section 6 of the Act of Congress of June 6, 1924 (48 USCA §§ 226, 227 [U. S. Comp. St. § 3622¼c]), entitled "An act for the protection of the fisheries of Alaska, and for other purposes." The libels of information in each case charged violation of section 5 of the act aforesaid (48 USCA § 234 [U. S. Comp. St. § 3632]), making it unlawful to fish for or take salmon of any kind, by any means, from 6 o'clock post meridian of Saturday of each

──────────

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

week until 6 o'clock ante meridian on Monday following; and said section further provides that, throughout such close season, the mouth, or gate, or tunnel of all stationary and floating traps shall be closed, and 25 feet of the webbing or net of the hearts of such traps on each side, next to the pot, shall be lifted or lowered in such a manner as to permit the free passage of salmon and other fishes. Section 6 of the act, in addition to a personal penalty of fine or imprisonment for a violation of the act, further provides that every boat, seine, net, trap, and every other gear employed in the violation of the act, and all fish taken therein or therewith, shall be forfeited to the United States, and shall be seized and sold under the direction of the court in which the forfeiture is declared, at public auction, etc., and that the procedure of forfeiture shall be under the rules of admiralty.

A. G. Shoup, U. S. Atty., of San Jose, Cal.
Hellenthal & Hellenthal, of Juneau, for defendants.

REED, District Judge. The application of the intervening claimant, in each case, is similar in form. Each is supported by an affidavit of the claimant to the effect that he has a good defense to the action. The application is resisted by the United States attorney, who strenuously objects to the release of the trap on the ground, principally, that such release would subvert the purpose of the statute. While the statute provides that every boat, seine, net, trap, or other appliance employed in violation of the act shall be seized and sold under the direction of the court, it further provides that the procedure for condemnation and sale shall be under the rules of admiralty.

Construing this section with the rules of admiralty, I am of the opinion that it is within the discretion of the court to release the trap or other fishing appliances, under the statute, upon stipulation being given under rules 11 and 12 of admiralty. The only question before the court is whether, under the circumstances and showing made in these two cases, the court, in the face of the objections by the United States attorney, should release the property upon stipulation. It is not imperative, in cases of forfeiture, that the property seized shall be delivered to the claimant upon the stipulation; but the court,

having in view the purpose of the statute, may, in his reasonable discretion, upon appraisement and the giving of a stipulation with sureties, or the payment of money into court in an amount equal to the value of the property, release the same. Such is the intent of rule 12 of admiralty and the rule of the local court No. 92.

In this case, the information is directed against the trap as the offending thing, and, should a stipulation be accepted for its value, it would permit the trap to continue to violate the law. The added penalty was placed in the statute, in my judgment, to prevent any fishing gear unlawful to be used to continue so to be used. When the legislative branch of the government has declared its purpose to conserve a great industrial resource for the public good, it is essential that the courts should give the greatest consideration to the statements of the executive officers charged with execution of that purpose. In cases of this kind, therefore, where a trap or other fishing gear is seized for a violation of this statute, before I will consent to a release of the property under stipulation over the objection of the United States attorney, there must be presented to me, either an affidavit of merits, accompanying the application for appraisement and release, or a petition for a hearing before the court, to determine from the facts produced whether there is reasonable cause to believe that there is a defense on the merits. A mere statement by the claimant that he believes he has a good defense is, in my opinion, not sufficient. A statement of facts should be proffered, in order that the court may determine whether there is reasonable cause to believe there is a meritorious defense to the action. While it is true that, in revenue and customs cases of forfeiture, the courts, following rules of admiralty, often do allow a release of the res under stipulation, yet in such cases the complaints are upon the ground of some failure of the complainant to pay a tax or customs duty to the government, and public interests are not involved, except in so far as the nonpayment affects the situation. Here the government and public are interested in conserving the fisheries of the nation for the public good, and the court should use the utmost care that the release of the res should not be improvidently allowed.

Had there been any showing, in either of these cases, of a bona fide attempt to comply with the statute, the cases would

have had a different aspect; or had there been an affidavit of merits, showing an attempt to comply with the statute by the applicants, the court, in its discretion, might have released the property. As was said by the Supreme Court, in an important case, more than a century ago:

"In the eternal struggle that exists between the avarice, enterprise, and combinations of individuals, on the one hand, and the power charged with the administration of the laws, on the other, severe laws are rendered necessary to enable the executive to carry into effect the measures of policy adopted by the legislature. To them belongs the right to decide on what event a divesture of rights has taken place."

The presumption of the rightful act of the executive officers in the seizures in these cases is to be considered by the court, and, in the absence of a showing by the claimant overcoming that presumption, it, in my judgment, would be an improvident act on my part to release the res. If a release under stipulation be granted, the stipulation takes the place of the trap, and the court has no further jurisdiction to enforce any decree against it. The decree would be against the stipulators and sureties for the amount thereof as fixed by the appraisement.

It, therefore, does not seem to me proper, over the objections of the United States officers charged with the enforcement of the law, to release a fish trap charged with being used in violation of the law, upon the showing therein made, to the effect only that the claimants believe they have a defense to the action. In each of these two cases, the application for a release of the appraisement and release of the trap will be denied.